**U.S. Department of Labor**　　201 Varick Street, Room 983
**Office of the Solicitor**　　　　New York, NY 10014
　　　　　　　　　　　　　　　　Phone:　(646) 264-3650
　　　　　　　　　　　　　　　　Fax:　　(646) 264-3660



　　　　Reply to the Attention of:　　Matthew M. Sullivan
　　　　　　　　　　　　　　　　　　(646) 264-3679 (direct dial)
　　　　　　　　　　　　　　　　　　Sullivan.matthew.m@dol.gov

**BY ECF**

January 12, 2021

Hon. Kenneth M. Karas
United States District Judge
Charles L. Brieant Jr.
Federal Building and United States Courthouse
300 Quarropas St.
White Plains, NY 10601-4150

　　　　Re:　Scalia v. Professional Fiduciary Services, LLC and the Contractor Register
　　　　　　　Employee Stock Ownership Plan, 7:19-CV-07874-KMK

Dear Judge Karas:

　　　　Plaintiff Eugene Scalia, Secretary of Labor, United States Department of Labor (the "Secretary") on behalf of both parties', hereby submits the proposed consent judgment in this matter for the Court's review and approval. The proper standard of review of a proposed consent judgment that involves an enforcement agency, such as the Department of Labor, is whether it is "fair and reasonable." S.E.C. v. Citigroup Global Markets, Inc., 752 F.3d 285, 294 (2d Cir. 2014). Where the proposed consent judgment includes injunctive relief, courts must also find that the "public interest would not be disserved." Id. (quoting eBay, Inc. v. MercExchange, 547 U.S. 388, 391 (2006)). "Absent a substantial basis in the record for concluding that the proposed consent decree does not meet these requirements, the district court is required to enter the order." Id. The Second Circuit has set forth four factors courts should consider when evaluating the fairness and reasonableness of a consent judgment: (1) the basic legality of the decree; (2) whether the terms are clear; (3) whether the consent judgment reflects a resolution of the actual claims in the complaint; and (4) whether the consent judgment is tainted by improper collusion or corruption of some kind. Id. at 294-95 (citations omitted).

　　　　Here, all of these factors weigh in favor of approval. Under sections 502(a)(2) and (5) of Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1132(a)(2) & (5), Secretary has authority to enforce the consent judgment and the Court has authority to enter the consent judgment. The terms of the proposed consent judgment are sufficiently specific and clear, and the proposed consent judgment resolves the Secretary's allegations of violations of sections 404 and 406 of ERISA, 29 U.S.C. §§ 1104 & 1106. There is no suggestion of improper collusion or corruption here. And the Secretary has determined that the

proposed consent judgment serves the public interest by specifically enjoining the improper practices here and requiring defendants to pay $750,000 to the affected ERISA-covered benefit plan.

Accordingly, the parties' respectfully move for the approval of the attached proposed consent judgment.

                                              Respectfully Submitted,

                                              Jeffrey S. Rogoff
                                              Regional Solicitor

                /s_____
By:   Matthew M. Sullivan
       Senior Trial Attorney

Enclosure

cc:    All counsel of record (via ECF)