UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------
EUGENE SCALIA, Secretary,  :
United States Department of Labor,
 :
                        Plaintiff,
 :
       v.                                Civil Action File
 :       No. 7:19-CV-07874-KMK
PROFESSIONAL FIDUCIARY SERVICES, LLC
and the CONTRACTORS REGISTER
EMPLOYEE STOCK OWNERSHIP PLAN,  :

                    Defendants.  :
-----------------------------------------------------------------

## [PROPOSED] CONSENT ORDER AND JUDGMENT

Plaintiff Eugene Scalia, Secretary of the United States Department of Labor ("Secretary"), and defendant Professional Fiduciary Services, LLC ("PFS"), by and through their respective attorneys, have negotiated an agreement to settle all civil claims and issues between them in this action, and each consents to the entry of this Consent Order by the Court as the sole and complete memorialization of the terms of such agreement.

    1.    This action was filed by the Secretary on August 22, 2019 pursuant to his authority under Title I of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq., as amended. (Dkt. Entry 1).

    2.    The Secretary has agreed to settle this matter because PFS has established a financial inability to pay the losses associated with the allegations in the Secretary's Complaint.

    3.    The Secretary and PFS stipulate that this Court has jurisdiction over the Secretary and PFS in this action.

4. John Michael Maier, as the owner of PFS, submits to the Court's jurisdiction for the purposes of this Consent Judgment.

5. PFS agrees to compensate the Contractors Register Employee Stock Ownership Plan ("the Contractors Register ESOP") monetarily in accordance with this Consent Order.

6. PFS and John Michael Maier, as the owner of PFS, agree to implement and maintain all of the reforms described in this Consent Order, and to ensure that their practices and procedures are in full compliance with ERISA.

7. The Secretary and PFS wish to settle on the terms and conditions hereafter set forth and stipulate and agree to the entry of this Consent Order as a full and complete resolution of all of the civil claims and issues arising between them in this action without trial or adjudication of any issue of fact or law raised in the Complaint.

Accordingly, it is ORDERED, ADJUDGED, AND DECREED that:

## I. JURISDICTION

The Court has jurisdiction over the parties to this Consent Order and subject matter of this action and is empowered to provide the relief herein.

## II. MONETARY RELIEF

A. PFS agrees to pay to the Contractors Register ESOP the sum of $750,000.00 (the "Settlement Amount") over a three-year period to fully settle the Secretary's claims against PFS with respect to the Contractors Register ESOP as described below:

1. The first installment of 40% of the Settlement Amount will be paid within thirty (30) days of the Court's entry of this Consent Order.

2. The second installment of 40% of the Settlement Amount will be paid on or before January 5, 2022.

3. The third installment of 20% of the Settlement Amount will be paid on or before January 15, 2023.

B. PFS is hereby assessed a penalty under ERISA § 502(l), 29 U.S.C. § 1132(l), in the amount of $150,000, equal to 20% of the Settlement Amount. PFS has petitioned for a waiver of said penalty under 29 C.F.R. § 2570.85(a)(2), which the Secretary has granted based upon his determination that PFS would not be able to restore losses to the ESOP without severe financial hardship unless such waiver is granted.

C. PFS will provide to the Secretary proof of payment of the Settlement Amount within ten (10) days of payment. Such proof will include wire transfer confirmations of the payments.

D. PFS will provide to the Secretary a copy of its IRS Form 1120S for tax years 2020, 2021, and 2022 within 30 days of their filing to Jacobello.Peter@dol.gov and Singer.Jeffrey@dol.gov. If PFS's Total Income for each year, as set forth on line 6 of the 1120S form, exceeds the Total Income reported in 2019 by more than 30%, PFS shall pay 20% of the difference (the "Additional Recovery Amount") to the ESOP within 30 days.

E. In the event that PFS pays any Additional Recovery Amount, pursuant to provision D., the Secretary shall assess a penalty under ERISA § 502(l), 29 U.S.C. § 1132(l), of 20% of the Additional Recovery Amount (the "§ 502(l) Penalty").

F. Any § 502(l) Penalty payments shall be made by check made payable to the United States Department of Labor and referencing EBSA case number 30-105755(48), sent to the following addresses with 14 days of the Applicable Recovery Amount being due:

Standard (Regular U.S. Mail) Remittance Address:

ERISA Civil Penalty
P.O. Box 6200-36
Portland, OR 97228-6200

or

Express Mail or Commercial Overnight Delivery Address:

U.S. Bank
Attn: ERISA Civil Penalty #6200-36
17650 NE Sandy Blvd.
PD-OR-C1GL
Portland, OR 97230

G.  Any proof provided under this paragraph II will be sent to the Secretary's representative at the following address:

Thomas Licetti
Regional Director New York Regional Office
Employee Benefits Security Administration
U.S. Department of Labor
201 Varick Street, Room 746
New York, NY 10014
Email: Jacobello.Peter@dol.gov; Singer.Jeffrey@dol.gov

### III.  PROSPECTIVE RELIEF

A.  PFS and John Michael Maier will not enter into an engagement agreement to serve as the trustee of an employee stock ownership plan ("ESOP") subject to the requirements of Title I of ERISA for the purpose of such ESOP's initial purchase of non-publicly traded employer stock.

B.  PFS and John Michael Maier, as the owner of PFS, will not enter into any agreement with any ERISA-covered plan, or with any company owned in whole or in part by a plan, that requires the Plan or company to indemnify PFS or advance to PFS legal fees and associated costs related to a breach of fiduciary claim against PFS.

C. PFS will not accept from any ERISA-covered plan, or from any company owned in whole or in part by a plan, any indemnification payments or advance payment of legal fees and associated costs related to a breach of fiduciary claim against PFS.

D. Paragraph 5 of the Agreement for Services to Contractors Register, Inc. Employee Stock Ownership Plan and Trust is specifically voided and shall have no legal effect.

## IV. RELEASES

A. This Consent Order provides full, final, and complete judicial resolution of all of the civil claims alleged in the Secretary's Complaint in this action against PFS. The Secretary hereby releases all actions, claims, and demands against PFS that arise out of, or relate to, the transactions and occurrences referred to in the Secretary's Complaint, and all such claims are hereby released, settled and dismissed with prejudice. No claims of any type against any other parties are released or dismissed.

B. PFS and its agents, representatives, assigns, and successors in interest, do hereby release the Secretary and his officers, agents, attorneys, employees, and representatives, both in their individual and governmental capacities, from all actions, claims and demands of whatsoever nature, including those arising under the Equal Access to Justice Act or any statute, rule, or regulation, that relate in any manner to the investigation, filing, prosecution, and maintenance of this matter, the matters covered by the Consent Order, and any other proceeding or investigation incident thereto.

C. The Secretary's claims against any other persons are expressly preserved. Nothing in this Consent Order shall preclude the Secretary from initiating or continuing any audit or investigation, or from pursuing any claims or actions, against any entities or persons, other than PFS, relating to any ERISA-covered Plan. Nothing in this Consent

Order resolves any claims that have been or may be asserted against PFS by any Plan or by any other person.

        D.     The parties each shall bear their own costs, expenses, and attorneys' fees in connection with this action.

## V. RETENTION OF JURISDICTION

This Court shall retain jurisdiction over the Secretary, PFS, and John Michael Maier for the purpose of enforcing and/or interpreting the terms of this Consent Order.

## VI. PARTIES BOUND

By entering into this Consent Order, the parties hereto represent that they have been informed by counsel of the effect and purpose of this Consent Order and agree to be bound by its terms. Any attorney signing each expressly represents that he or she is authorized to execute this Consent Order on behalf of the party represented and that the attorney has fully disclosed any conflicts of interest relating to their representation for purposes of executing this Consent Order. This Consent Order is not binding on any governmental agency other than the United States Department of Labor.

## VII. MULTIPLE ORIGINALS

This Consent Order may be executed in counterparts, each of which shall be deemed to be an original, but all of which, taken together, shall constitute one and the same instrument. The date of execution of this Consent Order is the date on which it is executed by the Court.

## VIII.  ENTRY OF JUDGMENT

The Court finds that there is no just reason to delay the entry of this Consent Order and expressly directs the entry thereof as a final Order and Judgment.

_____
UNITED STATES DISTRICT COURT JUDGE
1/12/21

FOR THE SECRETARY:

KATE S. O'SCANNLAIN
Solicitor of Labor

JEFFREY S. ROGOFF
Regional Solicitor

_/s/ Matthew Sullivan_____
MATTHEW M. SULLIVAN
ROLANDO N. VALDEZ
STACY M. GOLDBERG
U.S. Department of Labor
201 Varick Street, Room 983
New York, NY 10014
Sullivan.matthew.m@dol.gov
Valdez.Rolando@dol.gov
Goldberg.stacy@dol.gov


FOR PROFESSIONAL FIDUCIARY SERVICES, LLC:

_/s/ Malinda Eskra_____
MALINDA J. ESKRA
Reinhart, Boerner Van Deuren s.c.
Attorneys for Professional Fiduciary Services, LLC
1000 North Water Street, Suite 1700
Milwaukee, WI 53202
MEskra@reinhartlaw.com

_/s/ John Michael Maier_____
JOHN MICHAEL MAIER
Owner of PFS and Individually

7